# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**NELSON HALLAHAN**                                                                         **PETITIONER**
Reg #11743-026

VS.                            CASE NO.: 2:15CV00099 DPM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                      **RESPONDENT**

## ORDER

Nelson Hallahan, a federal inmate proceeding without the help of a lawyer, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, and paid the $5.00 statutory filing fee for habeas cases. (Docket entries #1 and #2) After a habeas corpus petition is filed, the Court must examine the petition and dismiss if it plainly appears that the petitioner is not entitled to relief. Rule 4 of the Rules Governing Section 2254 cases.[1] *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D.Ark. 2006) (citations omitted).

The Court has reviewed Mr. Hallahan's petition in which he complains that prison officials are not providing him with adequate medical care for his Parkinson's disease and are not accommodating his disabilities. (#1) He asks the Court to order his transfer to a facility equipped to handle his physical conditions or to require Respondent to accommodate his disability. (#1)

---

[1] Rule 4 of the Rules Governing Section 2254 Cases is applicable to § 2241 petitions through Rule 1(b).

A federal prisoner challenging his conditions of confinement must bring those claims under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  By contrast, a habeas corpus action "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, a *Bivens* claim is the appropriate cause of action, because Mr. Hallahan's claims all concern his treatment, or lack of treatment, at the prison.  He is not seeking release from illegal custody.  For these reasons, the Court will construe Mr. Hallahan's complaint as one brought under *Bivens*.  To that end, the Clerk of the Court is directed to reclassify Mr. Hallahan's habeas petition as a civil complaint challenging conditions of confinement.

Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee.  He may pay the fee at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, he may apply to proceed *in forma pauperis* ("IFP").  Although Mr. Hallahan paid the $5.00 filing fee required for a habeas corpus case, he has not paid the full filing fee required in a civil rights lawsuit; nor has he submitted a complete IFP application.

Therefore, the Clerk of the Court is directed to send Mr. Hallahan an IFP application, along with a copy of this Order.  Mr. Hallahan must return a completed IFP application, including an accompanying affidavit and prison account information sheet, or

pay the $400.00 filing fee within thirty (30) days of the date of this order.  Otherwise, the lawsuit will be dismissed.

  IT IS SO ORDERED, this 30th day of July, 2015.

            _____
            UNITED STATES MAGISTRATE JUDGE